## MAHONEY v. B. & J. CHANDLER.

1. It seems that when two workmen agree with a third person to build a dam and mills, the mills to be built by one, and the dam by the other, and the whole work to be paid for out of the profits of the mills for one year, no action between the workmen can be brought on this contract for a failure or violation of it. '

2. When the plaintiff asks and obtains leave to be *nunsuit*, he will not be heard to assign error upon the exclusion of evidence.

Writ of error to the Circuit Court of Benton.

ASSUMPSIT by Mahoney against Barley Chandler and James Chandler. The declaration describes a contract between the parties in which the defendants on consideration that the plaintiff agreed to rebuild the saw mill and forebay, at such place as might be selected, and furnish the husk frame and running gear of the grist mill, and to have both of the mills in operaration by the month of February next, following' the agreement undertook and then and there faithfully promised the plaintiff to build a good dam on the creek at Nisbet's mill place, on the same foundation whereon the old one stood, of sound large timber of sufficient height to turn the water into the race, and sufficiently strong to breast the water. The breach is laid that the work was not performed in the manner agreed, but that the dam was so negligently built as to be wholly unfit for the purpose designed and intended ; whereby the plaintiff lost all the profit, benefit and advantage, &c. &c.

At the trial, upon the general issue, the plaintiff offered certain articles of agreement, entered into between John Nisbet of the first part, the defendants of the second part, and the plaintiff of the third part, by which the defendants bound themselves to build a mill dam in the terms set out in the declaration. The plaintiff was to perform the work, stated in that connection in the declaration; and Nisbet was to furnish the materials necessary for the *same ;* that is, to rebuild the saw mill and forebay, and to finish the husk frame and running gear of the grist mill.

The agreement then proceeds as follows :

" The said Chandlers for the services aforesaid, are to go into possession of said mills for the year 1843, and retain three-fifths of the profits of the saw mill, and three-fourths of the grist mill, and to pay over or account to Mahoney at the end of each quarter for his services, one-fifth of the profits of the saw mill, and one-fourth of the grist or grain accounts or lumber, the kind he may require." There are some expressions in the written contract, which leave it doubtful, whether the timber for the dam, as well as for the mills, was not to be furnished by Nisbet.

The Court excluded this agreement from the jury, and the plaintiff excepted.

Afterwards, as the judgment entry recites, he asked and obtained leave to take a nonsuit, and judgment to that effect was given. The plaintiff now prosecutes this writ of error, and assigns that the Court erred in excluding the agreement offered as evidence.

S. F. RICE, for the plaintiff in error, cited Hill v. Bishop, 2 Ala. Rep. 320; 3 Porter, 231 ; Bell v. Rhea, et al. 1 Ala. Rep. N. S. 83 ; Wainwright v. Townsley, 1 Stew. 29.

T. A. WALKER, insisted, there was no error in excluding the agreement as the contract was not made between these parties, but between them and Nisbet. However, this might be, the plaintiff cannot review the error, as afterwards he consented to be nonsuited. [Cain v. Byrd, 1 Stewart, 189.]

RICE, in reply argued, that the nonsuit was the consequence of the previous exclusion, and therefore it ought not to prejudice the plaintiff. [Leavitt v. Friou, 4 Ala. Rep. 335; 6 Ala. Rep. 226.]

GOLDTHWAITE, J.—We should be inclined to think that no action could accrue to Mahoney on the contract offered in evidence against the Chandlers, because they do not contract with him, but with Nisbet. It is the case of two sets of workmen, contracting with their employer, and providing for payment for their services out of the thing to be made. It is true, that Mahony was to be paid in a particular manner, out of the profits of the mills, but this does not, as it seems to us, make

the Chandlers responsible to him for not building the dam; for the contract to build that was made with Nisbet, who is not a party to this action. However, this may be, the plaintiff cannot now review the error, as he consented to be nonsuited. [Cain v. Byrd, 1 Stew. 189.] To enable him to review a judgment upon the exclusion of evidence, the plaintiff must risk the chance of a verdict. This case does not resemble that of *Leavitt v. Friou*, for there the party refused to proceed further, and the Court disposed of the case, upon that refusal, and not with his assent as the entry shows was done here.

Judgment affirmed.