## KEMP & BUCKEY v. COXE, Garnishee.

1. Where a court of law, requires a suitor before it, to elect whether he will proceed at law, or dismiss a suit he has instituted in equity, having the same object, and the election is made to dismiss the suit at law, error will lie. Otherwise, if the election had been to dismiss the bill in chancery, as the order would have no effect in the court of chancery.

Writ of Error to the Circuit Court of Autauga. Before the Hon. John Bragg.

The facts sufficiently appear in the opinion of the court.

J. W. Pryor, for plaintiff in error.
S. F. Rice, contra.

DARGAN, J.—The plaintiffs in error recovered a judgment in the circuit court of Autauga, against Herndon & Kelly, and procured a writ of garnishment to be issued to the defendant in error, as a debtor of the defendants in the judgment.

The garnishee appeared, and filed a suggestion under oath, showing that the plaintiffs had filed a bill in chancery, to subject the same debt to the satisfaction of the judgment sought to be condemned by the writ of garnishment, and

praying that the plaintiffs be compelled to elect, in which of the said suits they would proceed, and to dismiss the other. The fact being admitted, that the bill in equity, and the writ of garnishment, sought to subject the same debt, to the satisfaction of the same judgment. The court ordered the plaintiffs to elect, in which of the suits they would proceed to subject the debt, and to dismiss the other. Under this order, the plaintiffs elected to proceed in the bill in equity, and to dismiss the writ of garnishment.

The action of the court, requiring the plaintiffs to elect in which suit they would proceed, and to dismiss the other, is here assigned as error.

A court of law cannot compel a plaintiff to elect in which suit he will proceed, although it appear that a suit in chancery, and a suit at law, have been instituted to recover the same thing, or in reference to the same subject matter. The authority to compel the plaintiff, in which of the two suits he will proceed, and to dismiss the other, belongs exclusively to the court of chancery, and cannot be exercised by a court of law. Willis v. Planters' and Merchants' Bank, 5 Ala. Rep. 770.

It has however been contended, that admitting the circuit court erred in requiring the plaintiff to elect in which suit he would proceed, and to dismiss the other, yet this error will not avail the plaintiffs, because they should have declined to make the election, although required by the court; and having made the election, and dismissed the writ of garnishment, it was a mere voluntary non-suit, which cannot be reviewed on error; and we are referred to the cases of Mahony v. Chandler, 7 Ala. Rep. 732, and Byrd v. Cain, 1 Stewart, 189. In the former case, the court having rejected some of the evidence of the plaintiff, he asked, and obtained leave to take a non-suit. In the latter, after the court had instructed the jury upon the questions of law arising upon the evidence, the plaintiff voluntarily took a non-suit. In neither of those cases was the plaintiff required, or compelled by the court to take a non-suit; consequently the maxim of *valenti non fit injuria*, applied.

But in the case at bar, the plaintiffs were required by the court to elect in which suit they would proceed, and to dis-

miss the other; and under this order the election was made, and the writ of garnisment was dismissed. Had the plaintiffs declined to elect, the court would probably have dismissed the writ, if the refusal of the plaintiffs had not been construed into a contempt. The dismissal of the writ of garnishment, under such circumstances, cannot be said to be voluntary. The plaintiffs were coerced by an erroneous order of the court. They could not avoid the dismissal after the order was made. Had they declined to elect, the court would have dismissed.

This order of the court we think may be assigned as error. It is true, that if the plaintiff had elected to dismiss his bill in equity, as the order of the court could not have had any influence on the bill, there would have been no error in the suit at law; but the order of the court having coerced the dismissal of the suit at law, it is error, the order itself being erroneous.

Let the judgment be reversed, and the cause remanded.

CHILTON, J., not sitting.