# Dunlap v. Newman, *et al.*

*Motion to compel Election between Suit at Law and in Equity.*

1. *Judgments; control of court over, after adjournment of term.* — This court has no power, at a subsequent term, to entertain a motion to dismiss an appeal upon the same grounds of a motion which had been overruled at a former term.

2. *Election between suits at law and in equity ; not compelled before answer.* — It is error to compel the complainant to elect between an action at law, and the prosecution of his suit in chancery, before he has had the benefit of defendant's answer.

APPEAL from Clark Chancery Court.
Heard before Hon. A. W. DILLARD.

The bill in this case is set forth, in the report of the former appeal (47 Ala. 429). While said appeal was pending in this court, letters of administration were granted on the estate of Thomas Borroughs, and a suit at law was commenced against said administrator by complainant, on the same cause of action sought to be enforced by his bill. When the suit on said former appeal was remanded to the chancery court below, and before any answer was filed, the defendants submitted a motion under Rule 108 of Chancery Practice (R. C. p. 840), to compel complainant to elect in which cause he would proceed. In response to this motion the court decreed that "complainant, Joseph F. Dunlap, do, within sixty days from the date hereof, file with the register of this court his written election as to whether he will proceed in this, or the court of law, to enforce the collection of the note sued on in both forums, and in default of said written election being filed pursuant to this order, said complainant's bill shall stand dismissed out of this court." The record does not show that any written election was filed, nor that any other decree was rendered in the case.

At the June term, 1874, of this court, the appeal in this case was, on motion, dismissed ; afterwards, but during the same term, a rehearing was granted, and the motion to dismiss

[Dunlap v. Newman.]

denied. At the present term the cause was submitted on its merits, together with a motion to dismiss the appeal, based upon the identical grounds of the former motion.

Appellant assigns as error : 1. The court erred in requiring appellant to elect in which court he would proceed ; 2. The court erred in dismissing complainant's bill ; 3. The court ought to have granted the relief prayed by the bill.

E. S. DARGAN, for appellant.

MORGAN, BRAGG & THORINGTON, *contra.*

BRICKELL, C. J. — A motion to dismiss this appeal on the identical grounds on which the present motion is based was overruled at the last term of this court. The judgment then rendered is now conclusive, and we are without power to revise or to vacate it. *Vandyke* v. *State*, 22 Ala. 57. The present motion must therefore be refused.

The practice of compelling in equity an election between an action at common law and a bill in chancery, founded on the same claim or demand, is of great antiquity. It is thus stated in Lord Bacon's 18th Ordinance : " Double vexation is not to be admitted, but if the party sue for the same cause at common law, and in chancery, he is to have a day given to make his election where he will proceed, or in default of such election to be dismissed." 1 Smith's Ch. Pr. 561. It is the court of chancery alone that can compel the election ; a court of law has no such power. *P. & M. Bank* v. *Willis*, 5 Ala. 770 ; *P. & M. Bank* v. *Walker*, 7 Ala. 926 ; *Kemp & Buckey* v. *Coxe*, 14 Ala. 614. Before a court of equity will compel an election, the defendant must file a sufficient answer ; and the time for excepting to it must have expired. 1 Smith's Ch. Pr. 561 ; Story's Eq. Pl. § 742 ; 1 Daniel's Ch. Pr. 634.

The matter became the subject of a special rule of chancery practice, adopted by this court at the July term, 1830, in the following terms : " When a suit at law and a bill in chancery are instituted for the same claim or demand, the defendant, on suggestion supported by affidavit, may move the court to inspect the records ; and if it appear the two suits are for one and the same cause of action, it shall be ordered that the plaintiff elect in which he will proceed, and that he dismiss the other." Aik. Dig. 458, Rule 31. This rule remained until the June term, 1854, of this court, when the present rules of chancery practice were adopted. The 108th of the present rules reads : " Where a suit at law and a bill in chancery are instituted for the same claim, the opposite party, on suggestion supported by affidavit, may move the court in term time, or the chancellor

in vacation, to inspect the records; and if it appears that the two suits are for one and the same cause of action, it shall be ordered that the plaintiff or claimant elect in which he will proceed, and that he dismiss the other." R. C. p. 840. The material difference between the present and former rule is, that now the chancellor may hear and determine the motion for an election in vacation, or in term time, while the former rule would have required it to be heard in term time only. Neither rule varies materially from the practice prevailing in the English court of chancery, and which, in the absence of a special rule, would have prevailed here.

In *Houston* v. *Sadler* (4 S. & P. 130), conforming to the well established rule of chancery practice, after the adoption of the first special rule on this subject, this court declared, a complainant ought not to be compelled to elect until after the coming in of the defendant's answer; that he was entitled to the benefit of all the information the answer could supply, to enable him to make an intelligent election. The reason for not compelling an election before answer is as cogent under the present, as under the former rule, or as under the general rules of chancery practice. It is founded on the principle on which courts of equity proceed whenever a party must elect between conflicting or inconsistent rights, that he must have full knowledge of all the facts and circumstances necessary to a discriminating and judicious choice. This he cannot have until the defendants have fully answered. The answers may be evidence for him so complete, that he would prefer the suit in equity to the suit at law, or in many other ways determine his choice. Without now inquiring whether the suit at law and the suit in equity are of the character requiring the complainant to elect between them, that question not having been argued, as answers had not been filed, we must reverse and annul the order of the chancellor requiring an election, and remand the cause.