# *Ex parte* Alabama Gold Life Insur-- ance Company.

## *Mandamus.*

1. *An election will not be compelled, except when the suits seek the same· relief.*—To require an election· between a suit at common law and a suit in chancery, the suits must not only have the same aim and scope, but they must relate to the same subject-matter, and seek substantially the same· relief.

BEFORE the Supreme Court.

The petition of the Alabama Gold Life Insurance Com-- pany, praying for a writ of *mandamus*, directed to the Hon. Huriosco Austill, Chancellor of the Southern Chancery Division, contains the following facts :

On the eighth day of March, A. D. 1878, the petitioner and Isaac Friedman & Co., as creditors of David Bear, filed a bill of complaint in the Chancery Court of Butler county against Adolph Greenhut as assignee of David Bear, and also against David Bear. The bill alleged that the assignee was guilty of fraudulent conduct, and prayed that he might be removed from the trust, and the property conveyed by the deed of assignment might be delivered to a receiver. The respondents demurred to the bill of complaint, but the demurrer was overruled.

On the 18th day of April, 1878, the defendant, David Bear, filed in said Chancery Court his motion in writing, alleging that the petitioner since the filing of the said bill had brought suit in the Circuit Court of Butler county on the same claim mentioned in the bill of complaint, and prayed an order of said Chancery Court requiring petitioner to elect in which court it would proceed against him, and to dismiss the other.

" On the 19th day of April, 1878, the court, against the objection of the petitioner, made an order continuing said motion of the defendant, Bear, until the defendants had an- swered the bill and time for filing exceptions thereto had expired, and the court, *ex mero motu*, further ordered that petitioner be restrained from proceeding further in its suit at law against said Bear until the motion to compel an elec--

[Ex parte Alabama Gold Life Insurance Co.]

tion should be disposed of, unless the petitioner should in meantime dismiss its bill."

Upon the next day the petitioner "filed in said court its written motion praying the court to set aside and vacate the said order made on April 19th, restraining petitioner from proceeding at law against said Bear, and on the same day the said motion was heard and denied by the court."

And the petitioner "therefore prays that such writ issue to the Hon. Huriosco Austill, Chancellor of the Southern Chancery Division of the State of Alabama, commanding him to set aside, vacate and annul his said order of April 19th, 1878, restraining petitioner from proceeding in its said suit against said Bear in said Circuit Court," &c.

No answer to the application for the writ of *mandamus* was filed.

HERBERT, BUELL & LANE, for petitioner. — 1. Bear having wrongfully obtained possession of a portion of the trust property by collusion with the assignee, the court is asked to compel him to surrender it. No decree is asked against him for the amount of the note. Has Bear wrongfully possessed himself of the trust property, and if so ought the court to compel him to surrender it? This is the only issue as to Bear. But the issue in the Circuit Court is simply, does he owe the plaintiff the money expressed in the note sued on? The one is a suit in *assumpsit* on a promissory note; the other is a suit to recover possession of property wrongfully withheld from the equitable owners thereof. The suits, therefore, are not instituted for the same claim. Unless this is so, the complainant will not be required to elect.— *Way v. Bagraw*, 1 C. E. Green. (N. J.) Eq. Reps. 213 and cases cited; 52 Ala. 178; Ib. 578; 7 Ala. 943; 14 Ala. 597; 2 Daniel Ch. Pract. 962; 2 Brick. Dig. p. 253, § 76.

STONE, J.—It is only when a bill in chancery and a suit at law are prosecuted for the same claim, that the plaintiff or claimant can be compelled to elect in which court he will proceed.—Rule of Chancery Practice No. 103. To come within the principle, the two suits must have substantially the same aim and scope. It is not enough that the two suits relate to the same subject-matter, unless the relief sought is, in each case, substantially the same. The suit at law, in the present case, has for its object the reduction of the plaintiff's entire claim to a judgment, with a view to its collection by execution. This is prosecuted alone against David Bear,

the maker of the note. The bill in chancery was filed against Bear and another, and seeks to secure and make available certain goods and effects, alleged to have been assigned by Bear to a trustee, for the security of this with other debts. The bill charges a gross breach of trust by the assignee, and his inability to account for the trust funds. The most that can be accomplished under the bill, will be to save the residuum of this trust fund from waste, and to bring the trustee to account. There can be no decree over for any balance against Bear; and there is nothing in the bill to show that there is a sufficiency of the assigned effects that can be made available, to pay the plaintiff's entire claim. See authorities on petitioner's brief.

Let the writ of *mandamus* issue as prayed for. The costs to be paid by David Bear, defendant in the chancery suit, who moved for the order of election in the court below.