# Roman *v.* Dimmick, *et al.*
# and
# Capital City Insurance Co. *v.* Dimmick, *et al.*

*Bill in Equity to subject Unpaid Subscriptions to Stock in Corporation to the Payment of Corporate Debts.*

1. *Election between suits at law and in equity; not compelled before answer.*—The rule of chancery practice providing that when a suit at law and a bill in chancery are instituted for the same claim, on suggestion by the opposite party supported by affidavit, an order can be made requiring the one bringing said suits to elect in which he will proceed, (Rule of Practice, 114; Code, p. 1227), does not authorize a chancellor, upon such motion, to require the election provided for until after the defendant has filed a sufficient answer and the time for excepting such answer has expired.

2. *Same; each suit can be prosecuted until time to require election arises; dismissal of bill.*—Until the court in which a motion to compel an election between an action at law and a suit in chancery for the same claim, under the provisions of the rule of chancery practice, (Rule 114, Code, p. 1227), has the right to compel the party bringing the suit to make an election as to which of them he will prosecute, such party has the right to prosecute both of them; and the fact that after the rendition of a decree in the chancery suit ordering such election, which was erroneous because rendered before answer was filed in said suit, the party complainant prosecuted his action at law, furnishes no ground for dismissing the appeal from a decree in the chancery suit dismissing the bill because the complainant therein failed to obey the order of the court as to the election.

APPEALS from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

These two cases are identical in every feature except

the name of the appellant and the amount sued for. Each of the appellants filed a bill in the city court of Montgomery against the appellees alleging the recovery of a judgment against the Montgomery Iron Works, the issue of execution and the return of "No property found." Each bill alleges that the defendants failed to pay for stock subscribed, or paid for it in property at an insufficient value, and prays that defendants, may be required to account for what each owes the Montgomery Iron Works on said subscription, and for certain bonds of said corporation received by each of them. There was a demurrer to each bill and a motion to dismiss for want of equity. The demurrer was sustained and the motion to dismiss granted. There was an appeal to the Supreme Court in one of the cases, it being agreed that the other should abide the decision in the one appealed, and the Supreme Court reversed and modified the decree of the city court of Montgomery, holding that the defendants could not in said suit be held liable for the value of the bonds, but only for any unpaid stock subscriptions. (See report of the case, 115 Ala. 233.)

After the decision of the Supreme Court which was in the fall of 1897, nothing further was done until January 4th, 1899. At this last date, the defendants filed in said city court of Montgomery their petition in writing, in which they averred in substance that on the 23d of May, 1896, complainant sued out in the circuit court of Montgomery county a writ of garnishment based on the judgment which is described in the bill of complaint; that said garnishment was served on defendants and is still pending and undetermined, and is set for trial 9th January, 1899. The judgment sued on in this case and in the circuit court is the same, and the Montgomery Iron Works is the defendant in both cases. That none of the defendants are indebted to the Montgomery Iron Works in any manner whatsoever other than upon their subscription to the stock of said corporation, if at all; and they are contending in this case and in said garnishment proceedings that they are not indebted on said stock subscriptions. That the garnishment proceedings

[Roman v. Dimmick *et al.*]
[Capital City Insurance Co. v. Dimmick, *et al.*]

and this suit are for one and the same cause of action. The petition prayed that the court inspect the records and compare the garnishment proceedings with the record in this case, and compel complainant to elect between proceeding in this case and said garnishment proceedings, and the complainant be required to dismiss the cause in which he elects not to proceed. This petition was filed January 4th, 1899, and was verified by affidavit. On January 5th, 1899, motion was made on said petition in open court, and complainant admitted in open court the truth of the allegations contained in the petition. On January 6, 1899, the court rendered a decree requiring the complainant to elect in three days between his two suits. The complainant failed to obey the order of the court as to the election, and on January 10th, 1899, the said causes were dismissed out of court.

The complainant in each case appeals, and assigns as error the decree requiring complainants to make an election, and the subsequent decree ordering the bills dismissed.

In this court a motion was made to dismiss each of the appeals, on the ground that it appears by the records in the circuit court that after the order in the chancery suit was made requiring the complainant therein to elect between prosecuting a suit in law and in chancery, the complainant in said chancery suit prosecuted in the circuit court his suit at law, and thereby made the election required of him in said decree in the chancery cause.

GUNTER & GUNTER, for appellant.—The doctrine of election is founded upon the equitable principle, that there ought not to be "double vexation" for the same matter. Before such equity, however, can be appealed to for the protection of a defendant, he must show and admit that the two suits are properly instituted, and that the respective courts are competent to decide the question, and he must show that he has fully answered "*under oath*" the bill in equity, so that the plaintiff may have full knowledge of all the facts and circumstances necessary to a discriminating and judicious choice. This he cannot have until the defendant has fully answered.

[Roman v. Dimmick *et al.*]

[Capital City Insurance Co   v. Dimmick, *et al* ]

*Houston v. Sadler*, 4 S. & P. 130 ; *Dunlap v. Newman*, 52 Ala. 178.

WATTS, TROY & CAFFEY, *contra.*—Under the rule of chancery practice, the court upon motion of the defendant in each of these cases, properly required an election on the part of the party complainant, as to which of the pending suits he would prosecute.—Rule 114, Chancery Practice, Code of 1896, p. 1227 ; *Duvall v. McLoskey*, 1 Ala. 748; *Bank v. Boland*, 5 Ala. 540 ; *Bank v. Willis*, 5 Ala. 778; *Bank v. Waller*, 7 Ala. 944.

The court required the complainant to elect within three days. No election was made, and the court dismissed the bill. The complainant was in contempt of court. There has been a failure and refusal to obey the proper order requiring an election. The court had the right to dismiss the bill. Even if the court did not have this right, can the complainant test the question by appeal? Is not mandamus his only remedy?—*P. & M. Bank v. Walker*, 7 Ala. 944; *Ex parte Ala. Gold Life Ins. Co.*, 59 Ala. 192.

The order of dismissal was proper. "The dismissal of the complainant's bill in this case did not result from any slip or mistake in the pleadings or proof, *but from his failure to comply with an order of the court*, to pay a certain sum of money; which, by his bill, he had proposed to pay. This failure was occasioned, either by his negligence, his inexcusable misapprehension of his duty, the negligence of others in whom he confided, or by a combination of all three causes. He has no claim, either upon the law, or upon the score of charity, to an opportunity for a renewal of the litigation."—*Segrest v. Segrest*, 38 Ala. 677; See also *Goodman v. Benham*, 16 Ala. 625; *Andrews v. Hodson*, 23 Ala. 219.

TYSON, J.—"When a suit at law and a bill in chancery are instituted for the same claim, the opposite party, on suggestion supported by affidavit, may move the court in term time, or the chancellor in vacation, to inspect the records; and if it appear that two suits are

for one and the same cause of action, it shall be ordered that the plaintiff or claimant elect in which he will proceed, and that he dismiss the other."—Rule of Practice 114, p. 1227. This rule is in the same language as rule 108 in the revised Code, p. 840, and in effect when the case of *Dunlap v. Newman et al.*, 52 Ala. 178, was decided. The leading question in that case, and the only one presented here, was the right of the chancellor to compel a complainant in a bill to elect between his action at law and his bill in chancery founded on the same claim before the respondents have answered. It was there held that before a court of equity will compel an election, the defendant must file sufficient answer, and the time for excepting to it must have expired. To the same effect is the case of *Houston v. Sadler*, 4 Stew. & Port. 130. In this latter case, it was said: "But if it is admitted, that two proceedings were seeking to subject the same property to the satisfaction of one and the same debt; yet, the complainants ought not to have been called on to elect until after the coming in of the defendants' information the answer could supply, in making their election."—See also 1 Daniel Chan. Pl. & Pr. (6th ed.) 634 and note; Story's Eq. Pl. (10th ed.) § 742.

The motion to dismiss the appeal must be denied. Until the court had the right to compel the complainant to make an election as to which of his suits he would prosecute, he had the right to prosecute both of them. And the fact that he did prosecute his action at law after the erroneous decree was entered ordering him to elect, is not a good ground for dismissing his appeal in this cause.

It follows that the chancellor committed an error in requiring the complainant to elect before the coming in of the answer of the respondents, and in dismissing the bill for the failure to make the election within the time fixed by the former order. The order requiring an election is annulled, and the decree dismissing the bill is reversed and the cause remanded.

Reversed and remanded.