(101 South. 179)

## Ex parte BARCLAY–HAYS LUMBER CO.
### (I Div. 330.)

(Supreme Court of Alabama. June 19, 1924.)

**1. Election of remedies ⬥6—Motion to require election can prevail only after complaint answered.**

Motion to require election under chancery rule 112 can prevail only after bill of complaint has been fully answered.

**2. Election of remedies ⬥6—When election between action and suit will be compelled stated.**

Under chancery rule 112, and Code 1907, § 2451, election between remedy at law or in equity will be compelled only if suits are between same parties and for same cause and have substantially same scope and seek substantially same relief.

**3. Abatement and revival ⬥9 — Election of remedies ⬥6—Record held not to justify requiring plaintiff to elect whether to proceed in equity or at law.**

Plaintiff will not be required to elect under chancery rule 112 or Code 1907, § 2451, between proceeding at law or in equity, where law action for indebtedness is against only one of the several respondents sued in equity to enforce lien and for annulment of fraudulent transactions.

**4. Abatement and revival ⬥4—Statute relating to pendency of another action held codification of common law.**

Code 1907, § 2451, relating to pendency of another action, is codification of common-law rule.

**5. Mandamus ⬥14(1)—Granted where petitioner objected to trial court's order requiring election.**

Where petitioner objected to trial court's order requiring election between action at law or in equity, petitioner was not required, as condition precedent to application for mandamus, to apply to the trial judge to vacate the order.

Original petition of the Barclay-Hays Lumber Company for mandamus to the Honorable Saffold Berney, as Judge of the Circuit Court of Mobile County. Writ awarded.

The petition alleges that on January 25, 1924, petitioner brought suit at law on the common counts against the Barclay Planing Mill Company, in the circuit court of Mobile County, to recover an indebtedness of $8,476.43, summons in which was served upon defendant on February 9, 1924, and the cause is still pending.

It is further shown that on the day of filing suit at law petitioner filed its bill of complaint in equity, in said circuit court, against the Barclay Planing Mill Company, the Barclay Lumber Company, Hugh G. Barclay, Jr., Dorothy T. Barclay, and Ben May, alleging, among things, that the Barclay Planing Mill Company, while indebted to petitioner in the sum mentioned, did, without valuable or adequate consideration, and with intent to hinder, delay, and defraud creditors, convey or assign to the other defendants, or some one or more of them, certain of its properties and assets, and praying that the alleged fraudulent conveyances be set aside; that summons was duly issued and served upon all of the defendants except May, who was not found, and that no demurrer, plea, or answer was filed by either of the defendants, but on April 15, 1924, defendant Barclay Planing Mill Company filed motion in writing that petitioner be required to elect whether it would continue to prosecute the suit in equity or would prosecute the pending suit at law.

Hearing of the motion, it is alleged, came on before respondent, Hon. Saffold Berney, one of the judges of Mobile circuit court on April 19, 1924; attorneys for petitioner appeared and opposed the granting of the motion; respondent, after hearing argument of counsel, held the matter under consideration until May 1, 1924, at which time respondent, as such judge, made and entered an order or decree requiring petitioner to elect whether it would prosecute its suit in equity or the one at law.

Alleging that it has not complied with said order or decree; that its suits at law and in equity are not for the same cause of action and against the same parties within the purview of section 2451 of the Code of 1907 and chancery rule 112, petitioner prays that mandamus issue to respondent directing him, as such judge, to set aside and vacate the order or decree of May 1, 1924, requiring petitioner to elect.

Smiths, Young, Leigh & Johnston, of Mobile, for petitioner.

A motion to require an election under chancery rule 112 can only prevail after the bill of complaint has been fully answered, and no such answers have been filed. Ro-

man v. Dimmick, 123 Ala. 533, 26 South. 233. Section 2451 of the Code is declaratory of the common law. Ex parte Dunlap, 209 Ala. 453–455, 96 South. 441. The causes of action in the two proceedings are not the same. At law, a judgment only is sought. In equity, the condemnation of the property for the payment of a debt is the principal relief sought. Underwood v. Underwood, 139 Ga. 241, 77 S. E. 46, L. R. A. 1918A, 1; Brooke v. Lowry, 141 Ga. 493, 81 S. E. 223; Coley v. A. F. Dortch & Co., 139 Ga. 239, 77 S. E. 77; Montgomery v. Fouche, 125 Ga. 43, 53 S. E. 767; Clark v. Havard, 122 Ga. 273, 50 S. E. 108; 9 R. C. L. 946. No election can be required between a suit at law to recover on a debt and a proceeding in equity to set aside a fraudulent conveyance to aid in the payment of the debt. Anderson v. Newman, 60 Miss. 532; McCoy v. J. I. Case Threshing, 112 Miss. 7, 72 South. 784; Planters' & Merchants' Bank v. Walker, 7 Ala. 926.

Outlaw & Kilborn, of Mobile, for respondent.

Having made no demand upon the trial judge to set aside the order of election, petitioner is not entitled to the writ of mandamus. Ex parte Edwards, 123 Ala. 102, 26 South. 643. The records in the two suits brought by petitioner show that its suit at law and its suit in equity were commenced simultaneously, and that they are for one and the same cause against the same party, and respondent was right in his decree, requiring an election. Code 1907, § 2451; chancery rule 112, Code 1907, p. 1564; Ex parte Dunlap, 209 Ala. 453, 96 South. 441; Jones v. Jefferson County, 206 Ala. 13, 89 South. 174; Ex parte Ala. Gold Life Ins. Co., 59 Ala. 192.

ANDERSON, C. J. [1, 2] A motion to require an election under chancery rule 112 can only prevail after the bill of complaint has been fully answered. Roman v. Dimmick, 123 Ala. 533, 26 South. 233. No answer was filed in the case at bar when the motion for an election was granted. Moreover, this record does not present a case requiring an election either under chancery rule 112 or section 2451 of the Code of 1907. In either instance the suits must not only be between the same parties but for the same cause.

"It is a general rule that where a plaintiff is prosecuting an action at law and a suit in equity against a defendant at the same time for the same cause he may be compelled by the court, on application by the defendant, to elect whether he will proceed with the one or the other; but to come within this principle it is required that the two suits must have substantially the same aim and scope, and the relief sought must be in each case substantially the same. In other words, the plaintiff should not be compelled to elect unless the remedy in the suit at law is equally complete and adequate with the remedy in equity." 9 R. C. L. p. 964, § 11.

See, also, note and cases cited Ann. Cas. 1914B, p. 1218.

"To come within the principle of election, the two suits must have substantially the same aim and scope, and the relief sought in each case must be substantially the same." Ex parte Ala. Gold Life Ins. Co., 59 Ala. 192; Keel v. Larkin, 83 Ala. 142, 3 South. 296, 3 Am. St. Rep. 702.

[3] While the ultimate purpose of the two suits is the collection of the plaintiff's demand against the Barclay Planing Mill Company, the parties are not the same, as there are several respondents to the equity suit who are not parties to the action at law. Nor is the remedy in the action at law equally complete and adequate with the remedy in equity. One simply seeks a judgment at law against one of the respondents to the equity suit, while the suit in equity seeks the enforcement of a lien on certain property and the annulment of certain sales or transactions as fraudulent. Moreover, should the complainant fail to establish the equity of its bill, it could not get a judgment or decree for its demand, which he could do in his action at law, regardless of the equity of the bill in chancery. We therefore hold that the record does not justify the requirement of an election either under chancery rule 112 or section 2451 of the Code of 1907.

[4] As disclosed by the opinion in Dunlap's Case, 209 Ala. 453, 96 South. 441, section 2451 is new to the present Code and was borrowed from Georgia and is but the codification or repetition of the common law. It was not therefore intended to change the rule as it existed at common law and as declared and followed in our own case of Ex parte Ala. Gold Life Ins. Co., 59 Ala. 192.

The case of Jones v. Jefferson County, 206 Ala. 13, 89 South. 174, is not an authority against the present holding, as the election was there limited to the identical thing in the two suits between the same parties. Moreover, what was said was not decisive of the case as will be disclosed by the subsequent opinion of the court upon rehearing.

[5] It is suggested by counsel for appellees that this court should not award the writ of mandamus directing the trial judge to vacate the order requiring an election, because the petitioner had not first applied to the trial judge to vacate the same, and reliance is placed upon the case of Ex parte Edwards, 123 Ala. 102, 26 South. 643. This case is undoubtedly sound, and the writ would be denied in this instance if it appeared that petitioner had not appealed to Judge Berney to set the same aside and had not opposed or resisted the order, but the record disclosed that counsel did appear and oppose the order. This being true, there can be no presumption that the trial court would have

acted otherwise upon a motion to set aside or vacate said order upon the original motion.

The writ is awarded, with directions to the trial court to vacate and set aside the order requiring the petitioner to elect between the two suits.

Writ awarded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.