79 So.2d 711

**WOODWARD IRON COMPANY**

v.

**Robert Alva HILL et al.**

6 Div. 906.

Court of Appeals of Alabama.

Jan. 11, 1955.

Rehearing Denied March 22, 1955.

Carl G. Moebes, Birmingham, for appellant.

Lipscomb, Brobston, Jones & Brobston, Richard L. Jones, Bessemer, for appellees.

CARR, Presiding Judge.

This is a joint action brought by Robert Alva Hill and his wife, Mary M. Hill.

The cause was submitted to the jury under Counts A and B of the complaint.

The plaintiffs and defendant are riparian owners of land through which flows a small stream known as Rock Branch. The plaintiffs' property consists of about one-half acre on which is situated a four room house which was occupied by them as their home.

The defendant owned mining properties on this branch upstream from plaintiffs' property. For several years prior to the time of filing of this suit the former used

this stream for the purpose of discharging therein water which was pumped from one of its mines.

The complaint alleges in part:

"* * * as a proximate consequence of the unreasonable wrongful and unlawful use of the waters in said Rock Branch by the defendant, unwholesome and noxious vapors and odors have made their said dwelling unfit for occupancy, and so unhealthy as to destroy the comfortable use of same by the plaintiffs, and the plaintiffs aver that said branch has been thereby converted into a nuisance, making their dwelling unfit for occupancy, and their land unfit for use of any kind with comfort, having thereby diminished said property in value; and plaintiffs and their said family made sick, tortured, and tormented, and plaintiffs aver that prior to the wrong and unlawful use of the said creek, as aforesaid, by defendant, said dwelling was valuable in rents and comfortable for occupancy, said branch or creek was clear and good for domestic use."

In his oral charge to the jury the trial judge enumerated the elements of damages to be:

"The only damages that you could award the plaintiffs are compensatory damages. That is, damages which are given for the purpose of reasonably paying a plaintiff for injuries that he has received as a direct result of wrong doing of the defendant. The compensatory damages are damages that are given to reasonably compensate, that is, reasonably pay a plaintiff for injuries that he has received as a direct result of the wrong doing of the defendant.

"Now you could take into consideration any loss that the plaintiffs may have sustained of this stream for household use, if such loss is directly caused by any nuisance created by the defendant. You could take into consideration any injury suffered by the plaintiffs by noxious smells and foul vapors, that may have directly resulted from any nuisance created by the defendant. You could also take into consideration any injuries suffered from deposits left on the land by Rock Branch as a direct result of any nuisance created by the defendant. But the monetary value that should be placed upon any injuries that you might find the plaintiffs should be compensated for is such value as you, in your sound discretion, from all of the evidence, would fix therefor."

■ It is insisted that, this being a joint action, the plaintiffs were not entitled to recover damages for personal injuries suffered by each on account of the alleged nuisance. This is the law. Jefferson Fertilizer Co. v. Rich, 182 Ala. 633, 62 So. 40; City of Birmingham v. Prickett, 207 Ala. 79, 92 So. 7; American Tar Products Co. v. Jones, 17 Ala.App. 481, 86 So. 113.

■ The appellant attempted to have this personal injury element of damages withdrawn from the consideration of the jury by tendering several written instructions, each of which was refused. Among these charges is the following:

"D-28. The Court charges you, gentlemen of the jury, that if you are reasonably satisfied from the evidence in this case that the plaintiffs are entitled to recover, your verdict should not include any sum on account of any impairment to the health of plaintiffs or plaintiffs' family or any physical annoyance or discomfiture resulting from the defendant's use of the stream flowing through plaintiffs' property."

On oral argument and in brief appellees' attorneys do not question the soundness of the law announced above. They take the position that the indicated written charges (No. D-28, supra, being one) do not state the law accurately and succinctly, and therefore their refusal was not error.

The insistence is based on the contention that the evidence relating to personal discomfiture resulting from defendant's use of the branch was admissible in evidence for the purpose of giving aid to the jury in ascertaining the joint damages to the property and the charge in question does not make a clear distinction between property damages and personal injury damages.

It appears to us that this criticism of the charge is not sufficiently basic to warrant its refusal.

The reasonable meaning and interpretation of the instruction is that a directive is given to the jury that it should not include in its verdict any sum for the enumerated personal injury elements of damages. That is what the jury should not have included. The oral charge of the court did not make the distinction, and it is highly likely that the jury did include in their verdict these unauthorized elements of damages.

In the case of American Tar Products Co. v. Jones, supra, the plaintiffs brought a joint action for damages for the pollution of waters of their stream. These two written charges were refused:

"You cannot award plaintiffs any damages in this case as for any noxious or disagreeable smells arising from Valley creek during the time involved in this case."

"You cannot award plaintiffs any damages as for any inconvenience or annoyance suffered by the plaintiffs."

We held that it was error to refuse these charges because it was a joint suit by the plaintiffs and the personal injury elements were not recoverable damages.

We are frank to state that these two charges were not very carefully worded and certainly not as comprehensive and meaningful as the one of instant concern.

We are impressed with the view that the case at bar was tried in such a manner that in depriving the appellant of this instruction its substantial rights were seriously affected.

There are some other questions presented for our review. These relate to factual foundations which may not be the same in the event of another trial. We doubt the propriety of entering into a discussion of these matters.

For error indicated the judgment below is ordered reversed and the cause remanded.

Reversed and remanded.