## O'NEAL *vs.* BROWN.

1. Where a tort is committed by the taking at one time of several chattels, the property of one person and in his possession at the time, it gives him but one cause of action, and he cannot be allowed to split it up and bring separate suits for separate articles, although he was possessed of some as trustee, and of others in his own right.

2. And if the plaintiff in such case, first declaring as trustee, recovers in trespass for the taking of the goods which belonged to him as trustee, and brings another action for the goods which belonged to him individually, the record of the former judgment sustains the plea of a former recovery, and bars a second recovery.

ERROR to the Circuit Court of Tuskaloosa.

Tried before the Hon. THOMAS A. WALKER.

E. W. PECK, for plaintiff in error:

The trespass complained of in both actions being one single act, the first recovery is a bar to the second action; and the mere fact that the plaintiff claimed a part of the goods as trustee, cannot vary the case. Oliver v. Holt, 11 Ala. 574; Bendernagle v. Cocks, 19 Wend. 207; White et al. v. Oliver, Moseley et al., 8 Pick. 356; Hite v. Long, 6 Rand. 457; Furrington & Smith v. Payne, 15 Johns. 431.

On the question of mingled goods, I refer the court to the

cases of Shumway v. Rutter, 8 Pick. 443, and Bond v. Ward, 7 Mass. 123.

The defendant here is not bound to show, that plaintiff might have recovered in the first action for the goods which belonged to him individually. If he had brought that action in his own name, he might have recovered for the whole injury; that he did not so bring his action, is his misfortune, not our fault. 15 Johns. 431; 6 Rand. 457.

P. & J. L. MARTIN, and WATTS, JUDGE & JACKSON, *contra:*

1. The judgment of the court upon the replication of *nul tiel* record, was certainly correct. The record introduced in evidence was different as to parties and subject matter from those alleged in the plea. It is true, Brown sues in both cases; but in one as trustee for certain creditors, and for different property, although of similar character; in the other, he sues in his own right, and for property which he claims as his own.

2. The charge asked was properly refused: 1. Because the trespasses, although done at the same time, were different, and the damage done to different persons and to different property. In one the goods belonged to the plaintiff in this suit, suing in his individual right; and in the other to the plaintiff in this, suing as trustee for creditors of &c. As well might it be said, that if the sheriff had levied on goods belonging to a half dozen different persons at the same time, a recovery by one would bar any recovery by either of the others. 2. But the charge should not have been given, because it asked the court to charge, that a matter which occurred subsequent to the commencement of the suit, could defeat a right of action which was once perfect. If the judgment could have any effect whatever, it could only mitigate damages; it could not defeat a recovery entirely. The plaintiff would certainly be entitled to recover his costs up to the time of recovery of the first judgment and plea in this case. A plea in abatement, if the suits had been for the same thing and by the same persons, might and would have defeated the recovery. But there was no plea in abatement, but a plea which can only be regarded in bar as *puis darrein* continuance.

DARGAN, C. J.—This was an action of TRESPASS commenced by Brown against Lyon and O'Neal, for the taking of certain goods, wares and merchandize, the property of the plaintiff. Lyon died, and the suit abated as to him. The defendant O'Neal pleaded not guilty, justification, and a former recovery for the same trespass. To the plea of former recovery, the plaintiff replied *nul tiel* record. This issue was tried by the court, and was decided against the defendant, who excepted to the judgment of the court, and now assigns it for error. In support of the plea of former recovery, the defendant introduced the record of a suit, commenced on the same day that the writ in the case before us was issued, against Lyon and O'Neal, for the taking of certain goods, wares and merchandize. The death of Lyon was suggested in that suit, and a recovery was had against the defendant O'Neal. In that case, however, the plaintiff Brown described himself as trustee in the writ, and in the declaration he describes himself thus: "John T. Brown, as trustee for the benefit of certain creditors of Theron Brown, specified and named in a certain deed of trust executed and delivered by the said Theron Brown to the said John T. Brown, on the tenth day of May, 1845, which was duly recorded," &c. To the declarations in both actions a schedule of the goods was attached, and the articles in each appear to be different. These are the material facts, upon which we must determine whether the court erred in deciding the issue of *nul tiel* record in favor of the plaintiff.

It must be borne in mind, that the plea does not deny that the two suits were founded on the same act of trespass. It simply puts in issue a former recovery for the trespass. We, therefore, have this question presented: the plaintiff being in possession of a stock of goods, a part of which belonged to him in his own right, and the other part or portion belonged to him as trustee for the benefit of others, which are all seized by one act of trespass, can he be permitted to sue as trustee for the goods belonging to him in that character, and after a recovery sustain another suit for the goods that belonged to him in his own right?

The trespass was one act, and it gave one cause of action, in which full damages could have been recovered; and I see no

reason why the plaintiff should be allowed to split up the cause of action, and to bring two suits and obtain two recoveries. The rule of law is indisputable, that one cause of action cannot be split up or divided into several. Oliver v. Holt, 11 Ala. 574; 8 Pick. 356; 15 Johns. 432; 19 Wend. 207. And therefore it is, that, if the plaintiff fails, or omits to prove his entire claim, and recovers for a part only, such recovery is a bar to an action for the remainder. Oliver v. Holt, *supra*, and cases there cited.

But it has been contended, that this rule will not apply, if the entire claim could not be recovered in the first suit; and that, as the plaintiff, in the suit that was tried, declared only for the damages done to the goods which belonged to him as trustee, he could not have recovered damages for the goods which belonged to him in his own right. It may be, that the form of the declaration in the first action would have confined the recovery to the value of the goods which belonged to the plaintiff as trustee; but even if that be so, I cannot see that the plaintiff may bring another suit on the same cause of action, merely because his declaration in the first was not broad enough to recover damages commensurate with the injury, or because it sought a recovery for part of the damages only. In the case of Hite v. Long, 6 Rand. 457, the injury consisted in stopping the plaintiff's wagon and team, and taking a horse from the wagon; he brought trover for the horse and recovered his value, and then brought trespass to recover damages for stopping his wagon. The Court of Appeals of Virginia held, that the recovery in trover was a bar to the action of trespass, because the plaintiff might have recovered in trespass damages for the entire injury, and as he elected to bring trover for the value of the horse, he could not maintain trespass for stopping his wagon.

This authority I think directly in point; the stopping of the wagon and taking the horse was one act, and gave one cause of action; and the plaintiff having elected to bring trover, he could not, after a recovery in that action, bring trespass, although the damages for the trespass in stopping the wagon could not be recovered in the action of trover. Now, in the case before us, the plaintiff elected to sue for the damages he sustained, by the taking of the goods which be-

longed to him as trustee; he recovered these damages; he now seeks a recovery for the damages done to the goods which belonged to him in his own right, because he could not recover them in the suit which had been tried. We will not say whether he could have recovered the entire damages resulting from the trespass or not, in the former suit; but, admitting that he could not, the answer is, he brought his suit on the same cause of action, and by declaring properly, he could have recovered full damages; and though he has recovered less than he was, or might have been entitled to recover, yet he has recovered on the same cause of action, and it is therefore gone.

In the case of Penny v. Barnes, 17 Conn. 420, a suit had been commenced against an executor, in the name of the Probate Judge, upon the official bond of the executor, and a recovery had been had; a second suit was afterwards commenced, to recover other moneys not recovered in that case, but which, if recovered, would have belonged to, or been paid over to other legatees than those for whose benefit the former suit was brought. To this second action the former recovery was pleaded. It appeared upon the trial of the second suit, that no evidence had been given in the first respecting the money then sought to be recovered. The Supreme Court of Connecticut said, that the material inquiry was not, whether such evidence had been introduced on the trial of the first suit, but it was, whether the present cause of action was essentially the same as the first, and if it was, it was merged in the former recovery. This I am forced to believe the correct rule, although it may operate with apparent hardship in particular cases, for one cause of action can give but one suit, and we cannot split it up into several, because several individuals may be equitably entitled to portions, or to separate parts of the damages. The law can only look to the legal title and the injury done to it, and if such injury constitutes but one cause of action, and a recovery thereon has been had, then the cause of action is gone, or merged in the judgment, and cannot be kept alive for the purpose of another suit. Such a rule would not only increase litigation, but the judgments of our courts would afford less protection to the defendants. They might, indeed, soon be-

O'Neal v. Brown.

come conclusive of nothing but the mere amount of the recovery, leaving the cause of action on which the recovery was had still in existence.

The principle, I think, is, that where a tort is committed by taking several chattels at one time, it gives but one cause of action, if they belonged to one person, and the chattels were in his possession at the time, and he cannot be allowed to split it up and bring separate suits for separate articles. 15 Johns. 432; 16 ib. 136. Nor can it make any difference, that he was possessed of some as trustee, and of others in his own right, for the legal title to all, and the possession, was in him, and there being but one tort to the possession of one person, it gives, and indeed it can give him only one cause of action, and that is merged when a recovery has been had upon it.

It appears that, notwithstanding the plea of *nul tiel* record was decided against the defendant, he went on to introduce proof to the jury of the recovery set out in his plea, and also proof tending to show that there was but one trespass, and then requested a charge from the court respecting such evidence, which was refused. We need not examine the refusal of the court to give the charge requested, because there was no plea in issue before the jury, under which it could have been admitted. But besides this, the view we have taken of the question raised by the plea of *nul tiel* record, clearly shows our view on the question raised by the charge requested; indeed, it is but the same question presented in a different shape.

It may be that the plaintiff has lost a portion of his rights by the manner in which he has prosecuted his remedy, but we cannot help him without a violation of the rules of law.

Let the judgment be reversed, and the cause remanded.