# Reynolds *et al.* v. Caldwell *et al.*

### Bill in Equity to Establish Resulting Trust.

1. *Resulting trust; what evidence necessary to establish.*—The evidence in this case, seeking to establish a resulting trust in lands by parol evi-

[Reynolds et al. v. Caldwell et al.]

dence, does not come up to the requirements of the rule—the testimony must not only be entirely satisfactory, but clear and undoubted.

2. *Conveyance of lands executed by husband and wife jointly and attested by two witnesses ; when sufficient to convey wife's interest.*—A conveyance of land executed by husband and wife jointly, and attested by two witnesses, is sufficient to convey whatever interest the wife has, unless the consideration was the payment of the husband's debt; and the payment of part of the consideration in cash, and the balance in extinguishment of a prior vendor's lien, is sufficient to uphold it as a sale.

3. *Several complainants ; effect of failure of one to recover.*—If one of several complainants shows no right to recover, the others can not recover; and if the one so failing was the original complainant, the others having been brought in by amended bill, the defect can not be cured by amendment.

APPEAL from Jefferson Chancery Court.

Heard before Hon. THOMAS COBBS.

The bill in this case was exhibited on 1st July 1882, by Mrs. Elizabeth C. Reynolds as sole complainant, her children being subsequently made co-complainants, by amendment, against H. M. Caldwell and her husband, William M. Reynolds, and alleged, in substance: That on a date not specified, the respondent, Reynolds, and George E. Camp, leased from the Elyton Land Company, a domestic corporation, certain designated lots in the city of Birmingham ; that while occupying said lots they made permanent improvements thereon by fencing the same and erecting thereon a house, intended for use as a hotel ; that before the expiration of the lease, the respondent, Reynolds, became desirous of purchasing the property, and also an adjoining lot, and made an agreement with the Elyton Land Company to that effect, having first procured from his co-tenant, Camp, a written relinquishment of his interest in said lease ; that upon executing his notes for one thousand dollars to the said Elyton Land Company he received from the Company its bond for title.   He paid $100 of the amount, but became unable to make further payments.   The bill further avers that on the 9th August, 1877, the said Reynolds, for the purpose of paying his debt to the said Elyton Land Company, on account of the balance due as purchase-money for said lands, made a deed to H. M. Caldwell, in which the complainant, Elizabeth C. Reynolds, joined, conveying said lands to said Caldwell (except 10 feet off of the west side of lot No. 115), together with all the improvements thereon, consisting of the fencing and the house, intended for use as a hotel, aforesaid, for the sum of $200, paid said Reynolds by said Caldwell, and $900, to be paid by Caldwell to the Elyton Land Company, to extinguish the debt due to said Company, by Reynolds, on account of the purchase-money of said lands.   Caldwell paid said debt of Reynolds to the Elyton Land Company, and the Company executed to Caldwell a deed of conveyance to the lands in ques-

tion. The bill avers that the improvements on said lands were erected with moneys belonging to the equitable and statutory separate estates of the complainant, Elizabeth C. Reynolds; that of the amount expended in the erection of said improvements, viz: $2,300, the sum of $1,200 thereof constituted a part of the complainant's statutory estate, and the remainder of the sum consisted of funds belonging to the equitable estate held in trust for her by the said William M. Reynolds, under a deed of trust executed to him, as complainant's trustee, by her father, Hiram Camp, a copy of which deed is made an exhibit to the bill. The bill further alleges that the respondent, Reynolds, "had no authority to transfer and sell the said lands to the respondent, Caldwell, to pay the debt of the said William M. Reynolds to the said Elyton Land Company, and that said sale of said lands, and the improvements thereon, was a breach of the trust created by the said deed in trust, from Hiram Camp to the said William M. Reynolds," and that said Reynolds "had no authority to sell said lands to said Caldwell, as aforesaid, for the additional reason that twelve hundred dollars of the separate statutory estate of the complainant had been invested in said land as aforesaid, and as before alleged in this bill of complaint; the said sale to said Caldwell having been for the purpose of paying the debt of said William M. Reynolds to the said Elyton Land Company." The bill charges that the said George E. Camp, Reynolds, Caldwell and the Elyton Land Company, each, had notice of the fact that complainant's funds, constituting her separate statutory and equitable estates, were employed in the erection of the said improvements; and concludes with an appropriate offer to do equity in the premises, and a prayer that the deed from Reynolds and the complainant to Caldwell be cancelled, and that the title to said lands be divested out of said Caldwell and invested in complainant, &c.

The view of the cause taken by this court renders it unnecessary to notice, in detail, the answer and demurrer of respondent Caldwell to complainant's original and amended bill. On final hearing, on pleadings and proof, the chancellor was of opinion that the complainant was not entitled to relief and caused a decree to be entered dismissing the bill. This decree is here assigned as error.

SMITH & LOWE, for appellant.

JOHN T. TERRY, contra.

SOMERVILLE, J.—There are several grounds upon which, in our judgment, the decree of the chancellor must be affirmed.

[Reynolds et al. v. Caldwell et al.]

Of these we need specify but two. In the first place, we are unable to see clearly that the chancellor has erred in finding that the testimony adduced in the cause is insufficient to establish the trust in favor of complainants, without which the bill is entirely devoid of equity. The rule is that a trust of this nature, sought to be engrafted upon lands by parol evidence, and such as results by operation of law, must be supported by testimony not only entirely satisfactory, but clear and undoubted. The proof in the cause, in our opinion, does not come fully up to this rule, and so the chancellor found, as shown by his opinion and decree.

Conceding, however, that the complainants had an equitable interest in the lands in controversy, arising from the investment of their funds in the improvements erected on the leasehold estate owned in the premises by William M. Reynolds, the husband of Mrs. Elizabeth C. Reynolds, the deed of August 9th, 1877, executed by Reynolds and wife to the appellee, Caldwell, operated to release to the grantee in the deed whatever interest Mrs. Reynolds had in the property.

If the husband alone had signed the conveyance, there might be some force in the argument, that, in as much as it was a mere quit-claim deed, the grantee would be put on inquiry and charged with notice of the wife's equity in the premises. But the conveyance was executed in such form as to convey a title to the property even had it belonged exclusively to the wife, provided it be construed to be a *bona fide* sale of the property for money, or its equivalent, and not in payment of the husband's debt. It was a conveyance by instrument in writing, signed jointly by husband and wife, and attested by two witnesses as to the signature of each.—Code, 1876, §§ 2707, 2161.

That there was a sale of the interest of the wife for cash there can be no doubt. It is a misapprehension of the facts to say that the land was sold to pay an ordinary debt of the husband, such as to constitute a misappropriation of the wife's statutory separate estate, within the inhibition of the statute which has been construed to forbid a sale of the wife's property held under the statute, to pay the husband's debts. The price agreed to be paid by Caldwell for the interest of Reynolds and wife in the lands was nominally twelve hundred dollars. It was really and in truth only *two hundred dollars in cash*, which is shown to have been paid, and for further consideration, the satisfaction of the purchase-money due the Elyton Land Company, as the original vendor, which still held the legal title, having executed to Reynolds only a bond for title. This lien was superior to any equity or claim of the wife, and the land was liable for it as an existing encumbrance, of which all the world is bound to take notice. The payment of this

encumbrance, or rather the sale subject to it, was not a payment of Reynold's debt from the wife's property, in any just or proper sense.

There is no suggestion made, or proof adduced, of the fact that the sum of two hundred dollars was an inadequate price for the property, subject to this encumbrance. No question is, therefore, raised touching this feature of the case.

It follows from these principles that Mrs. Reynolds, one of the complainants, having parted with her equity in the land, was not entitled to recover. As to her, the bill lacked equity. She not being entitled to a recovery, her co-complainants were likewise precluded.

The bill is not susceptible of amendment so as to correct this variance, because to strike out her name would result in an entire change of parties, the children having been made co-complainants, by amendment, after the commencement of the suit.

Affirmed.