194 So. 651

### PRIEST et al. v. CHENAULT.

### 8 Div. 20.

Supreme Court of Alabama.

March 14, 1940.

Ben L. Britnell and Wm. Bryan Mc-Afee, both of Decatur, for appellants.

E. W. Godbey, of Decatur, for appellee.

THOMAS, Justice.

The appeal is from a decree overruling the demurrers to the bill as amended and the denial of the motion to abate the instant suit.

The right of removal of an administration of an estate from the probate court to a court of equity having venue of such matters is declared by statute. Michie's Code, §§ 6478, 8102; Pierce v. Barbaree, Adm'x, 238 Ala. 676, 193 So. 115; Dent v. Foy et al., 204 Ala. 404, 85 So. 709; Ashurst v. Ashurst, 175 Ala. 667, 57 So. 442.

This bill is filed by the personal representative of decedent's estate for discovery against the husband, a large claimant, for construction of the will, it being of doubtful construction in part (Upshaw v. Eubank, 227 Ala. 653, 151 So. 837); for accounting on discovery as to real and personal property; and for direction of the court on necessary and controverted questions and objects sought to be disposed of by the will as to improvements to be made to the property and for investment of moneys accruing therefrom and for the enforcement of liens held by intestate.

For the foregoing reasons, demurrer was overruled to the bill as amended. The right of removal is conferred by statute upon complainant as the personal representative of decedent for construction and direction in the administration of the trust estate.

The part of the decree touching the motion to stay the suit or abate part thereof is as follows:

"This cause coming on to be heard on the motion of the complainant for a hearing and decision on the defendants' demurrers to the bill as amended, and upon defendants' motion to abate * * *

"* * * proceedings and answer to that phase of this bill by the said H. M. Priest pertaining to the Lots and Funeral Home which he claims to be the property of the said H. M. Priest, and to the L. W. Patterson mortgage indebtedness claimed to be the property of the said H. M. Priest and that the same be determined in the original suit which was filed prior to the inception of this proceedings, * * * etc., and, after hearing arguments of respective counsel, it is considered by the Court that the said demurrers of the defendants to the bill as amended be and the same hereby are overruled; and it is further considered

that the motion of the defendants aforesaid be and the same is overruled."

The action of the trial court is without error as to the overruling of demurrer, or the overruling of the motion to stay the instant suit. We have indicated the rule that sustains the overruling of demurrer to the bill as amended.

We may observe of the denying of the motion or the plea in abatement on the ground of the pendency of another suit, that the right is to be tested for its sufficiency by the fact in law whether a final judgment or decree in the first suit would be conclusive between the parties and operate as a bar to the second suit. Kaplan v. Coleman et al., 180 Ala. 267, 60 So. 885; Howell v. Howell et al., 171 Ala. 502, 54 So. 601.

The decisions of the English courts are to such effect and those of this court, which are collected in Bell v. Jones, 223 Ala. 497, 136 So. 826; Harris v. Town of Tarrant City, 221 Ala. 558, 130 So. 83; Foster v. Napier, 73 Ala. 595.

The first suit filed by the husband and claimant only sought to set up a parol trust in decedent's property.

The foregoing is sufficient to indicate that there was no error in the interlocutory decree from which the appeal is taken. First National Bank of Opp v. Wise, 238 Ala. 686, 193 So. 131.

The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.