22 So.2d 896

**Ex parte PROCTOR.**

4 Div. 373.

Supreme Court of Alabama.

June 7, 1945.

Rehearing Denied July 26, 1945.

Powell & Fuller, of Andalusia, for petitioner.

Powell, Albritton & Albritton, of Andalusia, for respondent.

SIMPSON, Justice.

This suit, in essence, seeks to revest title in the estate of A. W. Woodham, deceased, and out of J. W. Griffin to certain lots in Andalusia, Alabama. The original bill, filed in 1938, was by George H. Proctor, as administrator de bonis non of the estate of A. W. Woodham, deceased, against Mrs. A. W. Woodham, J. W. Griffin, Mrs. Mary W. Barley and P. D. Wright, as respondents, seeking to quiet title to the property. After several amendments a substituted bill was filed in 1944, in which Lillie Mae Woodham Shanks, as the only heir of Woodham, was added as a party complainant.

In the original bill Proctor, administrator, the sole complainant, averred that he, as the personal representative of decedent, was the owner and in peaceable possession of the described lands. In the substituted bill it was averred that both complainants were in the peaceable possession of the property in controversy and that complainant Proctor claimed to hold possession of the property as personal representative of decedent Woodham and that complainant Lillie Mae Woodham Shanks claimed the legal title to the property as decedent's heir.

The respondents, Griffin and Wright, interposed as a defense to the claim of the administrator a plea of res judicata, asserting that the issue now presented had been previously adjudicated between the parties in the case now reported of Barley v. Wright, 233 Ala. 283, 171 So. 247; and to the claim of Shanks a plea in abatement that as to her, with Proctor out of the case on the plea of res judicata, there was an entire change of parties.

For a correct understanding of this case, it is necessary to consider the previous case of Barley v. Wright, supra, where the property now in suit was also involved.

The former case (233 Ala., 171 So.) was for a rescission of an exchange of real estate consummated between Mrs. Barley and her co-partner, said A. W. Woodham (now deceased, of whose estate complainant Proctor is the administrator de bonis non) on the one hand and defendants Wright and Griffin on the other. In that case it was shown that Barley and Woodham, in 1933, purchased the Cleere Hotel property in Haleyville, Alabama, from Wright and Griffin. Said Woodham, who was the owner of the lots involved in the present litigation, conveyed them to Barley, who in turn, as part of the purchase price of the hotel property, conveyed them to Wright and Griffin, who mortgaged the same to J. W. Griffin. J. W. Griffin, after default in the mortgage debt, duly foreclosed the mortgage in 1936 and became the purchaser of

the property at the mortgage sale, hence his present claim of title.

In the original bill in that case (233 Ala., 171 So.) complainant Barley sought a rescission of the contract for the purchase of the hotel property on the ground of fraud allegedly perpetrated by Wright and Griffin and made her co-partner Woodham and his wife parties respondent. In answer to Barley's bill of complaint Woodham and wife filed a cross-bill admitting substantially the allegations of the original bill and in addition thereto alleged that his physical and mental faculties had become impaired and because of this he was unable to prudently transact the stated business and that Wright and Griffin, knowing this, fraudulently induced him to enter into the hotel transaction aforesaid. Complainant Barley and all of the respondents to the original bill, including J. W. Griffin, the present defendant who claims title to the lots, were made defendants to the Woodhams' cross-bill. In addition to joining in the prayer of the original bill of complainant, Barley, for a rescission of the hotel transaction, the cross-bill of the Woodhams also sought to have the deed which Barley had executed to Wright and Griffin to the lots in the present suit set aside and avoided on the same ground of fraud. In the cross-bill to this end it was prayed "that the respondents (Wright and Griffin) to the original bill be required to deliver all mortgages and deeds (the one to the instant lots, included) described in the original bill for cancellation and that said deeds and mortgages separately and severally be cancelled."

To this answer and cross-bill Wright and Griffin duly replied, denying the allegations of fraud and the mental impairment of Woodham and among other things alleged that at the time of the transaction, so far as they knew, Woodham was in complete possession of his mental faculties and "was fully informed as to all matters and facts relating to the property in question and with full knowledge of these facts voluntarily consummated the same."

It also appears that during the progress of the proceedings and before final decree Woodham died and an administrator ad litem was appointed by the court to represent his estate, and the cause revived.

Upon a hearing on the merits, the trial court in that case rendered a final decree denying all relief to complainant Barley and to the cross-complainants, Woodham and wife, and, upon appeal to this court by the complainant Barley, that decree was affirmed (233 Ala., 171 So.).

The plea of res judicata sets forth, in extenso, the foregoing facts and pleads in bar of the present suit the final decree in this first case. The primary question now for consideration is whether or not this former proceeding, ending in the decree aforesaid, is a bar to the present claim to the property by Proctor as administrator de bonis non of Woodham's estate because of Woodham's alleged unsoundness of mind when he executed the deed to Barley.

■ The pertinent rule which we have adopted as axiomatic is thus stated:

"When * * * there is no question as to the jurisdiction of the court, or as to the identity of parties, the inquiry, whether the subject-matter of the controversy has been drawn in question, and is concluded by a former adjudication, is determined, when it is ascertained that the matters of the two suits are the same, and the issues in the former suit were broad enough to have comprehended all that is involved in the issues in the second suit. The inquiry is not, what the parties actually litigated, but what they might and ought to have litigated in the former suit. * * *" Tankersly v. Pettis, 71 Ala. 179, 186.

Reaffirming this principle, in the recent case of Savage v. Savage, 20 So.2d 784, 786,[1] this court said:

"The rule recognized in our jurisdiction is that, where the issues were broad enough to comprehend all that was involved in the issues of the second suit, the test is not what the parties actually litigated, but what they might or (and) ought to have litigated."

The following cases are also in point: Glasser v. Meyrovitz, 119 Ala. 152, 157, 24 So. 514; King v. Coffee, 222 Ala. 245, 131 So. 792; Adams v. Powell, 225 Ala. 300, 142 So. 537; Gilbreath v. Jones, 66 Ala. 129, 132; Chamberlain v. Gaillard, 26 Ala. 504.

■ When the plea of res judicata is tested by the stated principle, it becomes manifest that it was sufficient as a bar to the instant proceeding by Proctor, administrator aforesaid, and the trial court correctly so ruled.

---

[1] 246 Ala. 389, 391.

"The doctrine of res judicata has been declared to be a branch of and grounded in the law of estoppel" (30 Am.Jur. 912, § 167) and the complainant Proctor, as Woodham's said representative, is clearly estopped to maintain the suit.

■ The validity of the title to the lots now in controversy was necessarily involved in the former suit of Barley v. Wright, 233 Ala. 283, 171 So. 247, was an issue which, under the pleadings of that case, could and should have been there litigated and the result there determined the issue between all who were parties. The purpose of the original bill to which Woodham was a party defendant, as well as Woodham's cross-bill, was to set aside and avoid the entire hotel transaction, including that part which vested in Wright and Griffin the title to the lots now in suit, thereby necessarily involving the validity of that chain of title, including Woodham's deed to Barley. Woodham then having died pending the litigation and no other personal representative of decedent having been appointed, the cause was susceptible of revival in the name of an administrator ad litem who could continue to act for and represent the estate of decedent in the cause. Griffin v. Proctor, 244 Ala. 537, 538, 14 So.2d 116. Under such a status the result of the proceedings would be, and was (the cause having been thus revived), binding upon any subsequently appointed personal representative, as appellant Proctor, the administrator de bonis non, precluding effectuation of the same purpose (the invalidation of the title of Wright and Griffin, the predecessors of J. W. Griffin, to the lots in question) in any subsequent proceedings by such personal representative —nemo debit bis vexari pro eadem (No one should be twice harassed for the same cause).

True, Woodham's mental incapacity to execute title to Barley was not raised in that suit, but this issue was necessarily tendered by the pleadings and could, and should, have been litigated and there fully settled. The result of that case was to preclude all who were parties to that cause from subsequently contesting the validity of the hotel transaction, including the validity of the title of Wright and Griffin (J. W. Griffin's predecessors in title) to these lots. The estate of decedent Woodham was there represented by the administrator ad litem and, a fortiori, the present representative of the estate cannot relitigate the issue.

The suits were not identical, but, as respects the present property, the subject matter of the two was the same, i.e., the validity of the title of these lots as vested in Wright and Griffin. "It is not the recovery but the matter upon which the recovery proceeds which creates the estoppel." 30 Am.Jur. 912, § 165.

■ The averments in the Woodhams' cross-bill of their execution of the deed to Barley necessarily implied a valid conveyance and in this respect may be taken as a declaration by them of the validity of such deed, after final decree estopping them if both had lived, or after Woodham's death and revival of the cause in the name of his administrator de bonis non his personal representative, from now denying it. Wilkinson v. Lehman-Durr Co., 150 Ala. 464, 468, 43 So. 857, 858, 124 Am.St.Rep. 75.

If Woodham or his wife had been non compos mentis when the deed was executed they, and after Woodham's death his administrator ad litem, could and should have denied its validity in that suit, rendering this a litigable issue to be concluded by a decision of the court in that case. Having failed to do so, the personal representative, Proctor, is now estopped, as would have been Woodham had he lived, to interpose such a defense. Of such import is the holding in Wilkinson v. Lehman-Durr Co., supra, from which we quote the following pertinent observation:

"If the respondents in the bill (in the former case) had denied the validity of the deed, it would then have been a litigated issue, evidence thereon would have been admissible, and the court would have been called upon to make a decision expressly upon that issue. While the admissions in the answers rendered evidence to establish the fact that the deed was valid unnecessary, yet they did not affect the validity of the deed as an issue made by the bill, except to place it beyond the necessity of proof to support it. It remained an issue comprehended and involved in the decree of the court, notwithstanding it is not specially mentioned therein."

The trial court was therefore correct in sustaining the plea of res judicata, barring complainant Proctor, as administrator de bonis non of Woodham's estate, from maintaining the bill.

■ In so far, of course, as concerned the interests of Woodham's heirs in his

real estate, they were unaffected by the litigation because they were not made parties by revival upon his death. Griffin v. Proctor, 244 Ala. 537, 538, 14 So.2d 116.

The ruling in abating the suit as to the sole heir, Mrs. Shanks, who was brought in by amendment six years after the filing of the original bill by the administrator, Proctor, was also without error.

 Under the statute, to sustain a bill to quiet title, an essential element is that the complainant be in the actual or constructive possession of the property. Code 1940, Title 7, § 1109.

And, though one having a legal estate in fee in land has the constructive possession required to maintain such a suit, this is not the case when actual possession is in another, not in relation of privity with him. Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202; Brunson v. Bailey, 245 Ala. 102, 16 So.2d 9.

The pleadings in the instant case present this latter status as to the two parties complainants. The heir and personal representative of a decedent "have no interest in common" in the land (Wilson v. Kirkland, 172 Ala. 72, 55 So. 174, 175) and "between an administrator * * * and the heir * * * no relation of privity exists." Steele v. Steele's Adm'r., 64 Ala. 438, 457, 38 Am.Rep. 15.

Proctor, as administrator de bonis non, claimed in the original bill to be the owner, and in possession of the land, and having been eliminated by the plea of res judicata, the heir (Shanks) could not be substituted to carry on the proceedings. This would work an entire change of parties complainant. McKay v. Broad, 70 Ala. 377; Reynolds v. Caldwell, 80 Ala. 232; Code of 1940, Title 7, § 239; Tallassee Motor Co. v. Gilliland, 216 Ala. 257, 112 So. 759.

It results that the plea in abatement was also well taken.

From these considerations it follows that the Writ of Mandamus is denied.

It is deemed proper to add that by giving consideration to the merits of the petition for mandamus this court does not commit itself to the proposition that a party may employ this remedy to invoke a review of the ruling of the trial court in such cases. We have considered the merits of the petition in deference to the request of counsel for both parties that we do so, neither party having challenged this method of review.

It is pointed out that after the statute was amended taking away the right of appeal from a decree sustaining or overruling the sufficiency of a plea in equity (Code 1940, Title 7, § 755), the Supreme Court has, in certain cases, permitted a limited review by mandamus in respect to interlocutory orders and decrees in equity not appealable and which are injurious to the complaining party, when a review of them on appeal from a final decree will not afford adequate relief. Rowe v. Bonneau-Jeter Hdw. Co., 245 Ala. 326, 16 So.2d 689. The case before us, however, does not present such a status since the complainant after a final decree could obtain complete relief, and this case is to be distinguished from those where, after a final decree, the relief would then be inadequate.

The case is also to be distinguished from the recent case of Ex parte Weissinger, 22 So.2d 510,[1] where the granting of the writ of mandamus was premised upon the principle that in cases where the public interest is concerned the court will, in its discretion, permit this method of review.

Writ denied.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.