93 So.2d 415

**HUDSON AND THOMPSON**

v.

**FIRST FARMERS AND MERCHANTS NATIONAL BANK OF TROY.**

4 Div. 859.

Supreme Court of Alabama.

March 7, 1957.

558

Richard C. Belser, Hill, Robison & Belser, Montgomery, and Jas. G. Clower, Troy, for appellant.

E. C. Orme, Troy, for appellee.

LIVINGSTON, Chief Justice.

Hudson and Thompson, a partnership, brought suit in the Circuit Court of Pike County against the First Farmers and Merchants National Bank of Troy, Alabama. The bank interposed a plea in abatement of the suit. After a judgment overruling Hudson and Thompson's demurrers to the bank's plea in abatement, Hudson and Thompson took a non-suit and appealed.

The complaint in this cause consists of 3 counts. Counts 1 and 2 claim of the defendant $12,560.12 for money received by the defendant between February 22, 1950 and March 15, 1953 to the use of the plain-

tiff, which money with interest thereon, is still unpaid. Count 3 alleges that plaintiff claims of the defendant $12,560.12, for that between February 22, 1950 and March 15, 1953, one L. E. Patterson, an employee of plaintiff, did embezzle or fraudulently misappropriate such sum of money, and that such embezzlement or fraudulent misappropriation was accomplished by such employee through the wrongful conduct of the defendant, in that said employee deposited to his own credit in the defendant bank various checks which were the property of the plaintiff and which were never endorsed by any person authorized to endorse the same, but were wrongfully endorsed by said employee and wrongfully accepted by the defendant, and credited to the account of said employee.

To this complaint, the defendant entered the following plea in abatement:

"Now comes the Defendant, the First Farmers and Merchants National Bank of Troy, a corporation, and for Plea in Abatement to the Complaint filed in this cause and to each Count thereof, separately and severally, states that this cause should be abated for that on, to-wit, the 19th day of June, 1953, the Plaintiff transferred or assigned a part of this cause of action, sued on in this cause to Columbia Casualty Company, a corporation, and at the time of the filing and institution of this suit, there was pending in the United States District Court, Middle District of Alabama, Northern Division, a suit filed by Columbia Casualty Company, a corporation, Plaintiff, against the Defendant in this cause, wherein the same subject matter and cause of action is involved; that the Defendant has not consented to the filing of this suit.

"Wherefore, the Defendant prays the judgment of this Court that said Summons and Complaint be quashed, and said cause abated."

■ This court has held that the pendency of a suit in a federal court, with jurisdiction of the subject matter and the parties, involving the same cause of action, may be pleaded in abatement of another suit in a court of this state between the same parties and involving the same cause of action. Watson v. Mobile & O. R. Co., 233 Ala. 690, 173 So. 43; Interstate Chemical Corp. v. Home Guano Co., 199 Ala. 583, 75 So. 166; Orman v. Lane, 130 Ala. 305, 30 So. 441.

■ The reason for sustaining such a plea is that the later action is deemed unnecessary and vexatious, and for the plea to be good the judgment which could be rendered in the first action must be such as would conclude the parties and operate as a bar to the subsequent action. Ex parte Gurganus, 251 Ala. 361, 37 So.2d 591; Priest v. Chenault, 239 Ala. 209, 194 So. 651; Milbra v. Sloss-Sheffield Steel & Iron Co., 182 Ala. 622, 62 So. 176, 46 L.R.A., N.S., 274; Williams v. Gaston, 148 Ala. 214, 42 So. 552. In Foster v. Napier, 73 Ala. 595, 604, this court, speaking through Chief Justice Brickell, stated:

"The plea of the pendency of a prior action for the same cause, between the same parties, stands upon like principles, and is supported by like evidence, as a plea of a former recovery. The two pleas have not the same, but a like office; the difference is, that the one is interposed because of the pendency of the first action, the other after its termination; the one is in abatement of the second suit, the other in bar, to defeat it absolutely. *The plea is not, therefore, available, unless the judgment which could be rendered in the prior action would be conclusive between the parties, and operate as a bar to the second.* (Emphasis supplied.)

■ We do have a line of cases which hold, that, in contemplation of law, the insured and the insurer are, in regard to the loss, one person, and the distribution of the proceeds is a matter concerning only the insured and the insurer; therefore, upon paying a loss, an insurer *may* sue the

person negligently causing the damage, using the name of the insured, for the resulting damages, and retain from the amount recovered the sum paid to the insured, and turn the balance over to him, or the insured *may* sue the wrongdoer for his own benefit, and that of the insurer. Tarrant American Savings Bank v. Smokeless Fuel Co., 233 Ala. 507, 172 So. 603; Collins v. Mobile & O. R. Co., 210 Ala. 234, 97 So. 631; Wyker v. Texas Co., 201 Ala. 585, 79 So. 7, L.R.A.1918F, 142. However, the real party in interest need not depend upon a nominal party to protect that interest. Fidelity & Guaranty Fire Corporation, Baltimore v. Silver Fleet Motor Express, Inc., 242 Ala. 559, 561, 7 So.2d 290, 292. In the Fidelity & Guaranty Fire Corporation case, supra, a truck and the cargo therein were damaged in a collision with defendant's truck. The owner of the damaged truck also owned the cargo, which he had insured against loss. The insurer paid the loss on the cargo and was subrogated to the rights of the owner. The owner brought an action against the defendant for damage to the truck and recovered a judgment. Thereafter, the insurer brought an action for damage to the cargo and the defendant entered a plea of res adjudicata, which was demurred to. The demurrer was sustained. In affirming the trial court, Justice Bouldin, speaking for this court, stated:

> "The vital question is: Was there only one cause of action here, so that when the owner sued for his own loss on the truck, he split his cause of action, so that the judgment therein was conclusive against the insurer on a claim in which the insured had no beneficial interest? There is a distinct difference in principle between an action brought by the real party in interest, the party who has suffered the loss, and entitled to the recovery, and a suit by a nominal party to recover losses in which he has no interest. The real party may, as of right, use the name of the nominal party, in certain events. But the conduct of the suit is in the

hands of the real party. Must the real party depend upon a nominal party to protect his interest? Must a nominal party assume the responsibility of protecting the interests of the real party?

> "Aside from public wrongs, an act is not wrongful because of injury to things, it is wrongful because hurtful to another, and becomes an actionable tort because it has done injury to the personal or property right of another. Potentially the insurer had an interest in the cargo, as against a tort-feasor, when the injury occurred. *Basically every one should have his day in court in fact, not merely by a nominal party not interested in protecting his interest.*

> "On such reasoning, we conclude the doctrine of splitting a cause of action is not applicable here. If the cargo had belonged to a third person, no one would question his right to sue separately, notwithstanding a multiplicity of suits involving the same evidence touching the circumstances of the collision." (Emphasis supplied.)

It is true that the above case involved a policy of insurance, and here we are dealing with a fidelity bond, but we see no difference, in principle, between the two, in so far as we are presently concerned. See also British American Assurance Co. v. Colorado & S. Ry. Co., 52 Colo. 589, 125 P. 508, 1135, 41 L.R.A.,N.S., 1202; Mobile Ins. Co. v. Columbia & Greenville R. Co., 41 S.C. 408, 19 S.E. 858, 44 Am.St.Rep. 725.

■ The judgment that could be rendered in the prior action set up in the appellee's plea in abatement would not necessarily conclude the parties and operate as a bar to this cause. In the plea, it is alleged that appellant assigned *a part of its cause of action* to Columbia Casualty Company, and at the time this cause was commenced, there was pending in the federal courts an action against the appellee by said Columbia Casualty Company. If the prior pending action is for only that portion of the loss which Columbia has sustained, and

for aught appearing from the averments of the plea, that is the case, then a judgment in that action would not bar a subsequent action by appellant for its uninsured loss. In such case, the judgment in the prior action could not conclude the parties nor operate as a bar to the subsequent action, and, consequently, a plea in abatement setting up the pendency of said prior action would not be sufficient. For such a plea to be good, it must set out facts which will show that the first action operates to abate the second. Sloss-Sheffield Steel & Iron Co. v. Milbra, 173 Ala. 658, 55 So. 890. The plea in this cause failed in this respect, and appellant's demurrer should have been sustained.

It, therefore, follows that the cause is reversed and remanded, the judgment of nonsuit set aside, and the cause ordered restored to the trial docket for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

LAWSON, STAKELY and MERRILL, JJ., concur.