158 So.2d 652

**Harry Ellen SESSIONS**

v.

**JACK COLE COMPANY, Inc., et al.**

6 Div. 7.

Supreme Court of Alabama.

Aug. 29, 1963.

Rehearing Denied Dec. 12, 1963.

Prince, Jones, Fowler & Propst, Birmingham, for appellant.

Davies, Williams & Wallace, Birmingham, for appellee Jack Cole Co.

Cabaniss & Johnston, Leigh M. Clark, and L. Murray Alley, Birmingham, for appellee Deaton Truck Lines.

SIMPSON, Justice.

Appeal from a judgment of nonsuit made necessary by the overruling of demurrers of the plaintiff to the defendants' pleas in abatement and granting motions of defendants to require an election of actions, as is provided in § 146, Tit. 7, Code of Ala. 1940.

Appellant by his complaint sought damages of the appellees resulting from their alleged negligence in the operation of motor vehicles, claiming property damage, medical expenses for his minor child and wife and loss of services of his wife and minor child.

The appellees' pleas in abatement and motions to require election set up the fact that appellant, as father of another deceased minor, claims damages in another suit, under § 119, Tit. 7, Code 1940, for the alleged wrongful death of his minor daughter arising out of the same accident. Appellant's demurrer to these pleas took the point that the wrongful death action brought by appellant is a separate and distinct cause of action and cannot be legally joined in the same cause in which appellant claimed property damage, medical expenses and loss of services.

The sole question before this Court is whether the appellant can be allowed, on proper objection, to maintain two actions, one suing as an individual seeking damages, as by the instant suit, and the other suing as father of a deceased minor, both actions against the same defendants arising out of the same occurrence. The question involving said § 119 is one of first impression before this Court.

We are of the opinion that § 146, Tit. 7, Code of Ala. 1940, as amended, ap-

plies to the two cases here under consideration and that the ruling of the trial court was correct. Quoting from the statute, for those not familiar with it:

> "No suitor is entitled to prosecute two actions in the courts of this state at the same time, for the same cause and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former is a good defense to the latter, if commenced at different times."

There is no dispute that the suits were filed simultaneously nor is it disputed that the damages resulting to appellant in each case are alleged to have arisen from the same wrongful acts of the appellees. Also, both actions are brought by the same person and in the same or similar capacity and damages recovered in both actions, while not of the same character, will go to the same person for his sole use.

The defenses to both actions would be the same, including possibly contributory negligence, which if proved to the satisfaction of the jury would be a defense to either action.

Appellant relies upon the case of Parker v. Fies & Sons, 243 Ala. 348, 10 So.2d 13, in support of his argument that there must be two separate and distinct causes of action because the action for wrongful death does not arise until death results. The Parker case involved a situation where a suit for personal injury had been commenced during the life of the injured person and following death, had been revived in the name of his personal representative. The personal representative sought to amend the complaint after the death by adding a count for wrongful death. That case held, as we understand it, that the wrongful death act itself indicated that if death resulted from the same accident which caused injury, then there could be recovery only for the death. We perceive this as an entirely different situation from the case at

bar, where the father seeks in the instant suit certain damages which he sustained and also other damages for the wrongful death of his minor child. The father does not seek damages for personal injuries of the minor child who was killed, and while appellant's attorney argues that in a hypothetical situation the father could be barred from recovery in a wrongful death action if he released or adjudicated the other part of his claim before death ensued, this state of facts does not exist in the case at bar.

■ We think the language used by the Court of Appeals of Alabama, in Chappell v. Boykin, 41 Ala.App. 137, 127 So.2d 636, cert. denied 271 Ala. 697, 127 So.2d 641, is persuasive of the result here attained:

> "In a majority of jurisdictions in the United States, the rule is that a single act causing simultaneous injury to the physical person and to property of one individual gives rise to only one cause of action, and not to separate causes based on the one hand on personal injury, and on the other on property damage. The basis of the rule is that a 'cause of action' grows out of the wrongful act and not the various forms of damages that may flow from the single wrongful act."

This principle was long before recognized in Birmingham Southern Ry. Co. v. Lintner, 141 Ala. 420, 38 So. 363, where the Court stated:

> "It may be stated as a very general if not universal proposition that one who is entitled to sue at all for the consequences of a wrongful act may recover all the damages that such act has proximately inflicted upon him. His cause of action is the one wrongful act of the defendant."

See also O'Neal v. Brown, 21 Ala. 482.

■■ It is apparent that the application of § 146, Tit. 7, supra, is dependent upon whether a judgment in one suit would be res judicata of the other. Hudson and

---

Thompson v. First Farmers and Merchants Nat. Bank, 265 Ala. 557, 93 So.2d 415; Priest v. Chenault, 239 Ala. 209, 194 So. 651; Ex parte Barclay-Hays Lumber Co., 211 Ala. 500, 101 So. 179; Ex parte Dunlap, 209 Ala. 453, 96 So. 441; Foster v. Napier, 73 Ala. 595. Where there is no question as to the jurisdiction of the court or as to the identity of the parties, the test for determining this question is whether the issues in the two suits are the same and whether the same evidence would support a recovery in both suits. Ex parte Proctor, 247 Ala. 138, 22 So.2d 896; Lawrence v. United States Fidelity & Guaranty Co., 226 Ala. 161, 145 So. 577; Reid v. Singer Sewing Mach. Co., 218 Ala. 498, 119 So. 229. There is no doubt that the issues in the instant action would be identical with the issues in the wrongful death action and would be supported by the same evidence save for proof of each element of damage. This latter circumstance is not grounds for distinguishing the issues of each cause.

There is no merit in appellant's argument that § 119, Tit. 7 gives no property right in the recovery, and that therefore a separate suit is permissible. The cases dealing with § 123 would not be in point concerning § 119, as would be obvious in the case at bar.

Nor is there merit in appellant's argument that the nature of the damages awarded in the two actions would serve to distinguish them as separate causes of action. Consider for example where a case involved a simple negligence and wanton misconduct. Would two suits be justified merely because punitive damages could be awarded for wantonness? There would of course be no justification for allowing separate suits due to the different measure of damages.

We, perforce, must forego any elaboration to consider hypothetical cases not within the issue at bar, and limit the rule in this case to actions arising under § 119, Tit. 7, supra. We do not consider cases arising under Tit. 7, § 123, where the cause of action is given to the personal representative and recovery to be distributed according to the statute of descent and distribution. On this latter question we express no opinion.

We conclude the lower court ruled correctly.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.

On Rehearing

SIMPSON, Justice.

By way of introduction in the brief for appellant on rehearing it is said:

"Upon receipt of the Court's opinion in this case dated August 29, 1963, it was our initial thought not to make application for rehearing. As we view the decision, our client has perhaps not been materially adversely affected. Since the decision holds that the Plaintiff-Appellant has only one cause of action, and the wrongful death suit of his minor child is still pending, the liberal amendment statute would, no doubt, permit an amendment in that case to include all of the injuries and damages claimed in the instant suit."

This well-tempered and logical statement seems to be at variance with the later caustic criticism by appellant of "The rationale of the Court in arriving at its conclusion". It is argued, first, that we should have taken into consideration "hypothetical fact situations, by which to test the validity of the legal issue, which is before the Court in the case at bar". The second is, in effect, the same argument made on original submission, that an action under § 119, Tit. 7 of the Code, for punitive damages, may not be joined with an action for property damages as claimed in the other suit by appellant.

We do not think these propositions merit any elaboration on our part, especially in view of the statement from appellant's brief hereinabove quoted. If the plaintiff may claim all the damages alleged to have been

suffered by him in one action, why the insistence upon two actions which would of necessity be tried upon the same issues and state of facts? But we have had briefs submitted to us by amici curiae in which some apprehension or misapprehension is expressed as to the effect of our holding in situations which have arisen or may arise. While we are unwilling to decide or intimate a decision upon a hypothetical case, we are aware of the instances where several people are killed or injured in a single accident. Such incidents may involve both minors and adults, as well as persons who are and are not related. These multiple death and injury accidents give rise to a variety of suits at law; in the case of death, an action by the parent for death of minor child (§ 119), or by the administrator under the Homicide Act (§ 123); in the case of personal injury, to an action by the party injured if sui juris, or, if not, by the one in his behalf. To these must be added incidental actions by a husband, a father or mother, for loss of service, etc.

■ There is a well-recognized common-law rule forbidding the splitting of causes of action.—1 Am.Jur.2d, Abatement, Revival and Survival, §§ 26, 27, 30; 1 C.J.S. Abatement and Revival § 45. Our election statute, § 146, Title 7, is but a codification of the common law. But to abate a suit or require an election there must be both identity of parties and cause of action. In the present case we were at pains to point out the capacity in which the plaintiff sued and for whose benefit he sued, as well as the identity of the defendants and the wrongful act complained of and to confine our decision to such a status. We are unable to detect any confusion in our opinion which would render doubtful the course a suitor should pursue in any other case. We are clear to the conclusion that in the present case the allowance of the two suits would result in unnecessary and vexatious litigation, to avoid which is the purpose of § 146, Title 7 of the Code.

In the last paragraph of page 7 of the original opinion some words were inadvertently omitted. We have corrected that paragraph by supplying the omission.

Opinion corrected and extended, and application for rehearing overruled.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.