PER CURIAM.
 

 Christopher S. Chiepalich and Elizabeth W. Chiepalich appeal from the dismissal by the Mobile Circuit Court of their claims against Harwell E. Coale, Jr. We reverse and remand.
 

 Facts and Procedural History
 

 On October 25, 2004, the Chiepalichs filed a “bill for declaratory judgment and permanent injunction” against Coale in the Clarke Circuit Court, seeking a determination that they possessed an easement that allowed them to access their property using a certain roadway (sometimes referred to as “the old settlement road”) that crosses Coale’s property and seeking to enjoin Coale from erecting barriers that would prevent them from using the roadway.
 
 [1]
 
 The Chiepalichs also apparently sought a preliminary injunction, which, after a hearing, the trial court denied. Otherwise, according to the Chiepalichs, that action was still pending in the Clarke Circuit Court when they filed their brief with this Court in the present case. Chiepalichs’ brief, at 7.
 

 On October 23, 2006, First American Title Insurance Company (“First American”) filed a declaratory-judgment action in the Mobile Circuit Court, naming the Chiepalichs as defendants. First American had issued a title-insurance policy to the Chiepalichs, insuring the legal title to the real property owned by them that adjoined Coale’s property and that they desired to access by way of the old settlement road. The declaratory-judgment action sought a determination that the coverage provided under the policy did not insure against loss or damage sustained by the Chiepalichs’ lack of access to their property.
 

 On December 27, 2006, the Chiepalichs filed a counterclaim against First American and a “third-party complaint” against Coale in the action pending in the Mobile Circuit Court. The third-party complaint alleged negligence, wantonness, intentional interference with business relations, trespass, conversion, and nuisance. All of those claims were based on the Chiepa-lichs’ allegation that Coale had refused to allow them to use the old settlement road to remove from their property timber that allegedly had fallen as a result of Hurricane Ivan and Hurricane Katrina in September 2004 and August 2005, respectively. The complaint alleged that, in December 2005, the Chiepalichs notified Coale that they intended to use the old settlement road to remove the timber, but Coale refused to unlock gates that were blocking access to the old settlement road even though he knew an easement existed in favor of the Chiepalichs. According to the complaint, the Chiepalichs had negotiated with another party to remove and sell the timber but the proposed contract with that party was not consummated because that party was unable to gain access to the Chiepalichs’ land via the old settlement road. The complaint further alleged that Coale’s refusal to allow the Chiepalichs to use the old settlement road caused them to suffer a total loss of the value of the timber.
 

 On January 26, 2007, Coale moved the Mobile Circuit Court to dismiss the third-party complaint based on § 6-5-440, Ala. Code 1975, which prohibits a plaintiff from “prosecut[ing] two actions in the courts of
 
 *3
 
 this state at the same time for the same cause and against the same party.” Coale argued that the third-party complaint against him in the Mobile Circuit Court was barred because, he said, an action “for the same cause” was pending against him in the Clarke Circuit Court. On March 28, 2007, the Mobile Circuit Court dismissed the claims against Coale, stating: “By order of court, motion to dismiss third party, granted.”
 

 On April 20, 2007, the Chiepalichs moved the Mobile Circuit Court to vacate its order dismissing their claims against Coale. In that motion, the Chiepalichs argued:
 

 “The only way the Clarke County action could be conclusive as against the claims asserted in the Third-Party Complaint is if the Clarke County court finds that an easement does not exist. Even though Coale is a party in both suits, if the Clarke County court rules in favor of Chiepalich, then that finding will not have a conclusive effect on the claims asserted in the Third-Party action. Once the existence of the easement has been judicially declared, it will be necessary then for this court to determine Coale’s liability for wrongfully interfering with Chiepalich’s efforts to remove the timber from his property. The evidence to be presented in this regard will differ substantially from the evidence to be presented in the Clarke County matter.”
 

 The trial court failed to dispose of the Chiepalichs’ motion. On August 20, 2007, the trial court certified the order of March 28, 2007, as a final judgment under Rule 54(b), Ala. R. Civ. P. The Chiepalichs appealed.
 

 Standard of Review
 

 When the facts underlying a motion to dismiss based on § 6-5-440 are undisputed, review of the application of the law to those facts is de novo.
 
 Ex parte Metropolitan Prop. & Cas. Ins. Co.,
 
 974 So.2d 967, 969 (Ala.2007).
 

 Discussion
 

 On appeal, the Chiepalichs argue that the Mobile Circuit Court should not have dismissed their claims against Coale based on § 6-5-440 because, they say, the action in the Mobile Circuit Court is not based on the same cause of action as the action pending in the Clarke Circuit Court. We agree.
 

 Section 6-5-440, Ala.Code 1975, provides:
 

 “No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pen-dency of the former is a good defense to the latter if commenced at different times.”
 

 “The purpose of § 6-5-440 and its predecessors is to prevent unnecessary and vexatious litigation.”
 
 Shepherd v. Maritime Overseas Corp.,
 
 614 So.2d 1048, 1050 (Ala.1993). This Court has also stated that “the purpose of § 6-5-440 is to prevent a party from having to defend against two suits in different courts at the same time brought by the same plaintiff on the same cause of action.”
 
 L.A. Draper & Son, Inc. v. Wheelabrator-Frye, Inc.,
 
 454 So.2d 506, 508 (Ala.1984).
 

 This Court has held that the application of § 6-5-440 is guided by “whether a judgment in one suit would be res judicata of the other.”
 
 Sessions v. Jack Cole Co.,
 
 276 Ala. 10, 12, 158 So.2d 652, 654-55 (1963). “Where there is no question as to the jurisdiction of the court or as
 
 *4
 
 to the identity of the parties, the test for determining [the applicability of the doctrine of res judicata] is whether the issues in the two suits are the same and whether the same evidence would support a recovery in both suits.”
 
 Sessions,
 
 276 Ala. at 13, 158 So.2d at 655;
 
 see also Equity Res. Mgmt., Inc. v. Vinson,
 
 723 So.2d 634, 637 (Ala.1998) (holding that for res judicata purposes the cause of action is the same when “substantially the same evidence would support a recovery in both actions”). “The doctrine of res judicata applies not only to the exact legal theories presented in the prior action, but to
 
 ‘all legal theories and claims
 
 arising out of the same nucleus of operative facts.’ ”
 
 Ex parte LCS Inc., 12
 
 So.3d 55, 58 (Ala.2008) (quoting
 
 Old Republic Ins. Co. v. Lanier,
 
 790 So.2d 922, 928 (Ala.2000)). “A difference in the element of damages is not grounds for distinguishing two causes of action for res judi-cata purposes.”
 
 Robinson v. Holley,
 
 549 So.2d 1, 2 (Ala.1989).
 

 In the present case, the issues of fact and law in the tort claims in the Mobile Circuit Court are substantially different from the issues of fact and law in the declaratory-judgment action in the Clarke Circuit Court, and the evidence necessary to support or refute claims that Coale wrongfully interfered with the Chie-palichs’ efforts to remove and sell timber from their property is substantially different from the evidence necessary to support or refute a claim that an easement across Coale’s property exists. In the “third-party complaint” filed in the Mobile Circuit Court, in addition to alleging that an easement exists that allows the Chiepa-lichs to access their property using the old settlement road, the Chiepalichs make the following factual allegations: (1) Before the events underlying this action, Coale had acknowledged in writing that the Chiepalichs had a right to use the old settlement road; (2) in the mid-1980s, Coale sought a legal opinion as to whether he had the right to interfere with the adjacent landowners’ use of the old settlement road and was advised that he could not interfere with their use of the road; (3) in September 2004 and again in August 2005, two hurricanes felled a substantial amount of timber on their property; (4) in December 2005, they notified Coale that they intended to use the old settlement road to remove the fallen timber from the property; (5) Coale refused to allow access to the property via the old settlement road even though he knew that the easement existed; (6) although the Chiepalichs had negotiated with a third party to remove and sell the fallen timber, the contract for the sale of the timber was not consummated solely because of the inability of the third party to gain access to the timber by way of the old settlement road; and (7) the Chiepalichs suffered a total loss of the value of the timber as a result of Coale’s refusal to allow access to the Chiepalichs’ property via the old settlement road.
 

 These additional allegations in the complaint filed in Mobile Circuit Court involve mostly events that occurred after the complaint was filed in the Clarke Circuit Court; they potentially give rise to new causes of action; and they do not relate solely to the computation of damages. Under Rule 15(d), Ala. R. Civ. P., the filing of a supplemental pleading setting forth events that have occurred since the date of the complaint is optional. Therefore, claims based on those events are not claims that should have been brought in an earlier case under the doctrine of res judi-cata.
 
 See Manning v. City of Auburn,
 
 953 F.2d 1355, 1360 (11th Cir.1992) (applying the federal counterpart to Rule 15(d), Ala. R. Civ. P., and holding that, for res judica-ta purposes, claims that “could have been brought” in an earlier action are claims in existence at the time the original com
 
 *5
 
 plaint was filed or claims that were actually asserted in the earlier action, not claims that arise after the original complaint was filed in the earlier action).
 

 Although the Chiepalichs’ tort claims in the Mobile Circuit Court may be barred if the Clarke Circuit Court holds that an easement does not exist, a finding by the Clarke Circuit Court that an easement does exist would not be conclusive of and operate as a bar to the tort claims in the Mobile Circuit Court. The evidence necessary to support a recovery in each action is substantially different. The tort claims require proof of additional elements that are not material to deciding whether an easement exists.
 
 [2]
 
 A judgment in the action in the Clarke Circuit Court would not necessarily be res judicata as to the action in the Mobile Circuit Court; thus, the Mobile Circuit Court’s dismissal of the Chiepalichs’ claims against Coale based on § 6-6-440, Ala.Code 1975, was improper.
 

 Conclusion
 

 Based on the foregoing, we reverse the Mobile Circuit Court’s judgment and remand this case for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and WOODALL, SMITH, PARKER, and SHAW, JJ., concur.
 

 [1]
 

 . Alleging that an easement existed in their favor, the three theories the Chiepalichs advanced in support of the easement in the Clarke Circuit Court were prescription, implication, and necessity.
 

 [2]
 

 . Compare
 
 Walls v. State Farm Mut. Auto Ins. Co.,
 
 984 So.2d 412, 414 (Ala.2007) (setting forth the elements of intentional interference with business relations),
 
 SouthTrust Bank v. Donely,
 
 925 So.2d 934, 939 (Ala.2005) (setting forth the elements of conversion),
 
 Armstrong Bus. Servs., Inc. v. AmSouth Bank,
 
 817 So.2d 665, 679-80 (Ala.2001) (setting forth the elements of negligence and wantonness), and
 
 Borland v. Sanders Lead Co.,
 
 369 So.2d 523, 529-30 (Ala.1979) (setting forth the elements of trespass and nuisance), with
 
 Hereford v. Gingo-Morgan Park,
 
 551 So.2d 918, 921 (Ala.1989) (setting forth the elements of easement by prescription, easement by implication, and easement by necessity).